UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TORAN V. PETERSON, #318935

        Petitioner,

                                          Case No. 1:10-CV-133

v.

                                          HON. ROBERT HOLMES BELL

UNKNOWN JONES,

        Respondent.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION AND
# DENYING PETITION FOR PRELIMINARY INJUNCTION

On June 17, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Toran V. Peterson's petition for a preliminary injunction be denied. (Dkt. No. 15.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 26).

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

The Magistrate found that none of the four factors guiding preliminary injunction decisions support Petitioner's motion. (Dkt. No. 15.) Petitioner objects, reiterating his belief that he has shown a substantial likelihood of success on the merits. (Dkt. No. 26.)

The Court finds that the Magistrate's analysis is sound. Although Petitioner raises several grievances, (Dkt. No. 14), it is far from clear that any of them rise to the level of an Eighth Amendment violation. Petitioner's most serious allegation is the subject of this suit, the alleged rough treatment by the Defendant on April 1, 2009. In his complaint, Petitioner claims that he now suffers back pain as a result of that incident. (Dkt. No. 1). However, Plaintiff has done nothing to establish a "strong" likelihood of success of proving this claim on the merits. Furthermore, Petitioner does not allege or offer any indication that he is at risk of suffering another such incident in the future. None of the other grievances mentioned in his motion for a preliminary injunction involve violence. Thus, Petitioner fails to show that he is likely to suffer irreparable harm of a magnitude sufficient to justify the "extraordinary remedy" of a preliminary injunction.

Petitioner also objects to the Magistrate's characterization of language in Petitioner's motion as a "not-so-veiled" threat. (Dkt. No. 15 at 2.) The Court finds the Magistrate's interpretation of Petitioner's motion plausible, though a public policy rationale is not needed to support a denial in this case. Even accepting Petitioner's clarification, (Dkt. No. 26 at 2), the remaining factors do not support his request for a preliminary injunction.

Accordingly, upon *de novo* review,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 26) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 17, 2010, Report and Recommendation of the Magistrate Judge (Dkt. N. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court.

Dated: September 20, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE