UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TORAN V. PETERSON, #318935, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:10-cv-133 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| TROY JONES, | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendant. | ) |
| _____ | ) |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. Plaintiff's complaint arises out of an incident at the Ionia Maximum Correctional Facility (ICF) on April 21, 2009, which resulted in his major misconduct conviction for assaulting Sergeant Troy Jones. Plaintiff alleges that defendant Jones used excessive force against him in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. He also asks the court to exercise supplemental jurisdiction over state-law tort claims. He sues defendant in his individual and official capacities and seeks damages and injunctive relief.

The matter is now before the court on defendant's motion for summary judgment. (docket # 17). For the reasons set forth herein, I recommend that all plaintiff's claims for damages against defendant in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. Defendant's motion for summary judgment should be granted and judgment entered in defendant's favor on plaintiff's Eighth Amendment claim. I further recommend

that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the

mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

**Proposed Findings of Fact**

The following facts are beyond genuine issue.[1] Plaintiff is serving a nonparolable life sentence in the custody of the Michigan Department of Corrections (MDOC) on his first-degree murder conviction. On April 21, 2009, he was an inmate at the Ionia Maximum Correctional Facility (ICF).

On April 21, 2009, plaintiff met with a psychiatrist in ICF's dayroom. (docket # 1, ¶¶ 12, 13). It appeared that plaintiff was angry because he had been transferred from the "relative luxury" of the residential treatment program (RTP) into ICF's administrative segregation unit. His then-recent suicidal gesture of ingesting disinfectant was interpreted as an attempt to reverse this transfer. (docket # 25). On the return trip to his cell, plaintiff resisted the escorting officer,

---

[1] Plaintiff's complaint is verified under penalty of perjury. The portions of plaintiff's pleading satisfying the requirements of Rule 56(e) of the Federal Rules of Civil Procedure are considered as his affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000). Legal conclusions, whether asserted by a party in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006).

defendant Jones. (docket # 1, ¶ 23). Plaintiff was charged with the major misconduct of committing an assault and battery. (docket # 18-2, ID # 93). On April 27, 2009, a hearing officer found plaintiff guilty of the major misconduct. (docket # 18-2, ID # 92). Plaintiff did not pursue an appeal. (docket # 18-3, Stapleton Aff. ¶¶ 4, 5).

On February 11, 2010, plaintiff filed this lawsuit. He now states that defendant "began trying to push [his] arms up to cause [him] harm" and that he "stiffened [his] muscles to prevent [defendant] from doing this." (docket # 1, ¶ 23). He states that Jones "slammed" him into a wall and the floor. (*Id.* at ¶¶ 23-25). The medical evidence is that plaintiff had a small, superficial scratch on his left wrist. (docket # 25).

## Discussion

### 1. Official Capacity Claims

All plaintiff's claims for damages against defendant in his official capacity are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004); *see also McCoy v. Michigan*, 369 F. App'x 646, 653 (6th Cir. 2010). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't*

*of State Police*, 491 U.S. at 71. I recommend that all plaintiff's claims for damages against defendant in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity.

      **2.**      **Individual Capacity Claims Under the Eighth Amendment**

As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment.[2] *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley [v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence upon which any rational trier of fact could find in his favor on either component of an Eighth Amendment claim.

---

      [2] The Eighth Amendment's Cruel and Unusual Punishments Clause applies to the States through the Fourteenth Amendment's Due Process Clause. *See Graham v. Florida*, 130 S. Ct. 2011, 2018 (2010). Eighth Amendment is used throughout this report and recommendation as convenient shorthand.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See, e.g., Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *Pruett v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. *See Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. Dec. 2004); *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at * 1 (6th Cir. Jan. 31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."); *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (*en banc*). Plaintiff has not shown any serious deprivation. He "stiffened his muscles" while being escorted back to his cell and suffered a small wrist abrasion.[3] This does not approach satisfying the objective component of an Eighth Amendment claim.

Plaintiff falls short of satisfying the subjective component of an Eighth Amendment claim. One factor the court can look to in determining whether the defendant's use of force could plausibly have been thought necessary is the extent of injury suffered by the inmate. *Hudson*, 503 U.S. at 7; *see Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008). Plaintiff suffered a scratch. This cannot possibly rise to the level of cruel and unusual punishment. Minor injuries such as

---

[3] There is no medical evidence from which a causal connection could reasonably be drawn between the April 21, 2009 incident and the various medical problems plaintiff lists in his February 11, 2010 complaint.

bruises and scratches are generally insufficient to support a claim under the Eighth Amendment's Cruel and Unusual Punishments Clause. *See, e.g.*, *Silguero v. Acheson*, No. 7:08-cv-201, 2009 WL 56341, at * 2 (N.D. Tex. Jan. 9, 2009) (collecting cases).

"In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321). It is difficult to imagine a prisoner who posed a greater threat to the safety of a prison guard than plaintiff did on the date in question. Plaintiff was a convicted murderer housed in the administrative segregation section of Michigan's highest security level prison and had recently displayed significant mental instability. Any force defendant used against plaintiff was *de minimis*. A far more forceful response would have been justified without violating the Eighth Amendment's Cruel and Unusual Punishments Clause. No reasonable trier of fact could find on the present record that defendant acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7.

### 3. Supplemental Jurisdiction

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law

claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There is no reason in this case to depart from the general rule.

### Recommended Disposition

For the foregoing reasons, I recommend that all plaintiff's claims for damages against defendant in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. Defendant's motion for summary judgment (docket # 17) should be granted and judgment entered in defendant's favor on plaintiff's Eighth Amendment claim. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

Dated: November 8, 2010         /s/ Joseph G. Scoville
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).