UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON, #318935,

    Plaintiff,

v.

    File No: 1:10-cv-133

    HON. ROBERT HOLMES BELL

TROY JONES,

    Defendant.
                                /

**MEMORANDUM OPINION AND ORDER**
**REGARDING REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's objections (Dkt. No. 35) to the Magistrate Judge's November 8, 2010, Report and Recommendation ("R&R") (Dkt. No. 34) which recommends that this Court dismiss Plaintiff's claims for damages against Defendant in his official capacity, grant Defendant's motion for summary judgment (Dkt. No. 17), and decline to exercise supplemental jurisdiction over Plaintiff's purported state-law claims. The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Plaintiff has raised four numbered objections to the R&R.

**Objection 1**

In objection 1, Plaintiff objects to the Magistrate Judge's failure to view a video

record of the incident in question. (Obj. 1-2.)[1] Plaintiff has not suggested that viewing this recording would alter the Magistrate Judge's proposed findings of facts. (*See* R&R 3-4.) In his proposed findings of fact, the Magistrate Judge accepted as beyond genuine issue most of the factual (though not the legal) statements made by Plaintiff in his verified complaint regarding the incident recorded.[2] If the incident occurred as Plaintiff recounts in his verified complaint, then the recording, Plaintiff's verified complaint, and the Magistrate Judge's proposed findings of fact should all be in accord. If the incident as it appears in the recording does not accord with Plaintiff's verified complaint, then Plaintiff's arguments would hardly be advanced by the Court's review of the recording. This objection will be overruled.

**Objection 2**

In objection 2, Plaintiff asserts that "[m]unicipals [sic] can be sued for monetary damages." (Obj. 2.) This appears to be an objection to the Magistrate Judge's recommendation that Plaintiff's claims for damages against Defendant in his official

---

[1] This objection is revived in Plaintiff's conclusion. (Obj. 5.)

[2] As discussed below, there is a genuine issue of fact regarding the extent of Plaintiff's resistance to Defendant which provoked Defendant's response. The video recording may resolve that issue, as it did in the mind of the hearing officer – and not in Plaintiff's favor. (Dkt. No. 18, Ex. 1, Def.'s Aff., Attach. B, Hearing Report 1.) Also, as discussed below, the Magistrate Judge either did not credit Plaintiff's verified statements regarding the extent of his injuries or dismissed them as not demonstrably causally connected to the incident. The video recording would not disclose the extent of Plaintiff's internal injuries, and thus would not resolve this issue.

capacity be dismissed as barred by the Eleventh Amendment.³ (R&R 4-5.) Upon *de novo* review, the Court holds that the Magistrate Judge correctly summarizes the law of sovereign immunity regarding state agencies, (R&R 4-5), and correctly applies it to Plaintiff's claims against Defendant in his official capacity, (*id.*). This objection will be overruled.

**Objection 3**

In objection 3, Plaintiff asserts that there exist genuine issues of material fact and that he has made an Eighth Amendment claim. (Obj. 2-4.) There are genuine issues of fact here. Plaintiff indicates that his only resistance to Defendant was tensing his muscles. (Compl. ¶ 23.) Defendant has asserted (Def.'s Aff. 1), and the hearing officer found based on the video recording of the incident (Hearing Report 1), that Plaintiff attempted to "turn away" from Defendant twice and resist Defendant's guidance. Thus, there is a genuine issue of fact regarding the extent, though not the existence, of Plaintiff's resistance to Defendant. Further, Plaintiff indicates that he has debilitating back injuries, and he indicates that these were a direct result of this incident. (*See* Compl. ¶ 33 ("As a direct result of this . . . my back hurts causing me to walk slow, I can bend a quarter way down even that at times, it hurts when I sit up, an[d] it interrupts my sleep.").) His medical records, on the other hand, indicate that following the incident he had full range of motion. (Dkt. No. 25, Physical Exam dated April 22, 2009.)⁴ Thus, there is also a genuine issue of fact, unacknowledged

---

³Plaintiff brought no claims against any municipality.

⁴At the time of the incident, Plaintiff was in the midst of a hunger strike and was being regularly examined by medical professionals.

by the Magistrate Judge, regarding the extent of Plaintiff's injuries immediately after the incident. But even drawing all justifiable inferences in favor of Plaintiff, the genuine issues of fact are not material; that is, they could not reasonably be expected to alter the outcome at trial.

As correctly noted by the Magistrate Judge, Plaintiff must satisfy both an objective and a subjective component to establish an Eighth Amendment claim. (R&R 5.) Also as noted by the Magistrate Judge, many of the facts relevant to these components *are* beyond genuine issue. (R&R 3-4.) At the time of the incident, Plaintiff was a convicted murderer housed in the administrative segregation section of Michigan's highest security level prison and had recently displayed significant mental instability. After meeting with a psychiatrist, Plaintiff began resisting the sole escorting officer, Defendant. Plaintiff was then subdued by Defendant, who was quickly assisted by several other officers. Because of this incident, Plaintiff was charged with the major misconduct of committing an assault and battery. A hearing officer performed a thorough review of the available evidence, including the video recording, and found Plaintiff guilty. Plaintiff did not pursue an appeal.

To meet the objective component, a prisoner must be subjected to a serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff alleges that his back was injured as a result of this incident to the extent that he has difficulty walking and the pain interrupts his sleep. (Compl. ¶ 33.) Although the Magistrate Judge dismissed these alleged injuries as not demonstrably causally connected to the incident, this Court believes that a

4

reasonable juror could draw the connection. Plaintiff alleges that his back injuries were a "direct result" of the incident. (*Id.*) Although this is not a medical opinion, the Court must conclude that a layperson in Plaintiff's position may well be able to demonstrate the connection if he had no back trouble before the incident but had significant back trouble after the incident. Accordingly, Plaintiff may be able to satisfy the objective component of an Eighth Amendment claim.

However, the Court, along with the Magistrate Judge, finds that Plaintiff falls well short of satisfying the subjective component of an Eighth Amendment claim. This second component "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). "In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force . . . [and] the threat 'reasonably perceived by the responsible officials.'" *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "Where . . . officials act in response to a prison disturbance, their actions are necessarily taken 'in haste, under pressure,' and balanced against 'competing institutional concerns for the safety of prison staff or other inmates.'" *Wilson*, 501 U.S. at 302 (quoting *Whitley*, 475 U.S. at 320). In such emergency situations, the Supreme Court has "found that wantonness consist[s] of acting 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* Here, all parties have agreed that Plaintiff resisted Defendant's efforts to lead him back to his cell.

5

Plaintiff has conceded, by way of his uncontested major ticket, that he assaulted and battered Defendant. Moreover, the Court is in full agreement with the Magistrate Judge that "[i]t is difficult to imagine a prisoner who posed a greater threat to the safety of a prison guard than [P]laintiff did on the date in question." (R&R 7.) The Eighth Amendment does not require a prison guard, the sole escort of a mentally unstable convicted murderer from the administrative segregation section of Michigan's highest security level prison, to give that prisoner the benefit of the doubt when the prisoner begins resisting. Faced with a resisting, assaultive prisoner, no reasonable trier of fact could find on the present record that Defendant acted maliciously and sadistically for the purpose of causing Plaintiff serious harm. *See Hudson*, 503 U.S. at 7. Having failed to satisfy the subjective component, Plaintiff has failed to establish a viable Eighth Amendment claim. Thus, to the extent that Plaintiff requests that this Court overturn the Magistrate Judge's recommendation that this Court find no Eighth Amendment violation, the objection will be overruled.

**Objection 4**

In objection 4, Plaintiff restates objections 1 and 3, and requests that this Court exercise its supplemental jurisdiction over his state law claims. (Obj. 5.) Objections 1 and 3 have been addressed above. Because this Court will dismiss all federal claims, the Court declines to exercise supplemental jurisdiction. The objection will be overruled.

**Conclusion**

With regard to the sections of the R&R not specifically objected to, the Court has

6

reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection (Dkt. No. 35) is **OVERRULED**.

**IT IS FURTHER ORDERED** that, except as noted herein, the Magistrate Judge's November 8, 2010, R&R (Dkt. No. 34) is **APPROVED and ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant in his official capacity are dismissed.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt. No. 17) is **GRANTED**.

Dated: March 29, 2011                               /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE