UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| TORAN PETERSON, 318935, | |
| Plaintiff, | Case No. 1:10-cv-133 |
| v. | Honorable Robert Holmes Bell |
| TROY JONES, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that on April 21, 2009, Troy Jones used excessive force against him in violation of his Eighth Amendment rights. He seeks an award of damages against defendant in his individual capacity. The matter is before the court on plaintiff's motion for a preliminary injunction ordering a non-party, the warden of the Ionia Maximum Correctional Facility (ICF), (1) to send plaintiff "to a back specialist or some qualified physician," and (2) "to implement using leases [sic] to escort prisoners in segregation." (docket # 69). For the reasons set forth herein, I recommend that plaintiff's motion be denied.

### Discussion

A preliminary injunction is an extraordinary remedy. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because it is an extraordinary remedy, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.

2000). The four factors this court is to consider on motions for preliminary injunctions are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d at 736.

ICF's warden is not a party to this lawsuit. There is no foundation for ordering the warden to do anything. Defendant Troy Jones has no power to implement the relief plaintiff requests.

Further, plaintiff's motion misperceives the nature of preliminary injunctive relief. The purpose of a preliminary injunction "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of preliminary injunctive relief is therefore inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to a preliminary injunction is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). A preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Plaintiff's motion for preliminary injunction should be denied because it is unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claim. He has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 69) be denied.

Dated:  November 14, 2012          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).