UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON #318935,

    Plaintiff,

v.

    Case No. 1:10-CV-133

    HON. ROBERT HOLMES BELL

UNKNOWN JONES,

    Defendant.
    _____/

**MEMORANDUM OPINION AND ORDER**
**APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

On November 14, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff Toran V. Peterson's motion for a preliminary injunction (Dkt. No. 69) be denied. (Dkt. No. 81.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 88.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Besides rehashing arguments previously raised in his motion for a preliminary

injunction, Plaintiff raises two discernible objections. First, he argues that his request for a preliminary injunction is part of this case and tied to the relief he seeks within his complaint. However, as the Magistrate Judge correctly noted, Plaintiff seeks a preliminary injunction that is unrelated to any underlying claim pending in this case. The fact that both the preliminary injunction request and Plaintiff's complaint relate to Plaintiff's back injury is insufficient. The Sixth Circuit requires a showing that the irreparable injury sought to be remedied by the motion is an injury that would be remedied if Plaintiff succeeded on one or more claims pending in the underlying case. *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). Plaintiff's first alleged irreparable injury is that his back pain could get worse if this Court does not order the warden of the Ionia Maximum Correctional Facility (ICF) to send him to an outside back specialist for treatment. His second alleged irreparable injury is future injury to other prisoners if ICF does not start using leashes to escort prisoners.

As for the first injury, none of Plaintiff's underlying claims for relief ask for the Court to order that Plaintiff be sent to receive treatment by an outside physician. In his complaint, Plaintiff only requests that the Court order prison staff to use a leash when escorting segregation prisoners, and award compensatory and punitive damages for his back injury. (Dkt. No. 1.) As for the second injury, a possible, future harm to a non-party in the case is not an irreparable harm within the meaning of the preliminary injunction test. Moreover, both injuries are unconnected to the underlying claims because the ICF warden is not a defendant in this suit, and as the Magistrate Judge noted, Defendant Jones has no power to

send Plaintiff to an outside physician for treatment or to mandate the use of leashes. Thus, the Magistrate Judge did not commit error by concluding that Plaintiff's motion is unrelated to his underlying claims and that Plaintiff is thus not entitled to a preliminary injunction.

Plaintiff's second objection is that Defendant Jones is being represented by a Michigan Department of Corrections (MDOC) attorney, and thus, contrary to the Magistrate Judge's conclusion, this Court has the power to order the warden and/or MDOC to provide the relief Plaintiff seeks through a preliminary injunction. This argument lacks merit. Neither the warden of ICF nor MDOC is a party to this action, and thus the Court has no power to order either of them to send Plaintiff to an outside back specialist. The fact that Jones is represented by MDOC attorneys does not change this analysis.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's November 14, 2012, R&R (Dkt. No. 81) is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 69) is **DENIED**.

Date: February 7, 2013  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE