UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TORAN V. PETERSON #318935,

        Plaintiff,

v.

TROY JONES,

        Defendant.

NO. 1:10-cv-00133

HON. ROBERT HOLMES BELL

MAG. JOSEPH G. SCOVILLE

| | |
|---|---|
| Toran V. Peterson #318935<br>*In Pro Per*<br>Ionia Correctional Facility<br>1576 West Bluewater Highway<br>Ionia, MI 48846 | Clifton Schneider (P70582)<br>Assistant Attorney General<br>Attorney for Defendant<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-7021 |

### DEFENDANT'S PROPOSED STATEMENT OF THE CASE AND STATEMENT OF THE ELEMENTS

On September 3, 2013, defense counsel mailed a copy of proposed jury instructions and statement of the case to the plaintiff. The plaintiff responded by letter mailed September 12, 2013, stating that nearly everything in the instructions was "clearly erroneous." [Letter, attached as Exhibit A]. The plaintiff then threatened three times to file an attorney grievance against defense counsel. The plaintiff also filed objections to the proposed jury instructions with the Court. [D/E #129].

The defendant hereby submits his proposed statement of the case:

1

The plaintiff alleges that Defendant Jones assaulted him without cause on April 21, 2009, during an out-of-cell escort.  Defendant Jones claims that the plaintiff was resisting, so he used force to regain control.  The plaintiff brings four separate claims as a result of this incident: excessive force, assault and battery, gross negligence, and intentional infliction of emotional distress.  The defendant claims governmental immunity as to the assault and battery, gross negligence, and intentional infliction of emotional distress claims.  The defendant also claims the defense of Use of Force by Law Enforcement Officer as to the assault and battery claim.  Finally, the defendant claims that the plaintiff failed to mitigate his damages.

To prove his Eighth Amendment claim, the plaintiff must prove the following elements:

FIRST       That Defendant Jones was acting under color of state law;

SECOND   That Defendant Jones used force against the plaintiff maliciously and sadistically, for the very purpose of causing plaintiff harm;

THIRD      That the plaintiff suffered some harm as a result of the use of force by Defendant Jones.

To prove his assault and battery claim, the plaintiff must prove the following elements:

FIRST       That defendant made an intentional and unlawful threat or offer to do bodily injury to the plaintiff;

2

SECOND     That the threat or offer was made under circumstances that created in the plaintiff a well-founded fear of imminent peril;

THIRD       That the defendant had the apparent present ability to carry out the act if not prevented.

To prove his gross negligence claim, the plaintiff must prove the following elements:

FIRST       That Defendant Jones engaged in conduct that is so reckless that it demonstrates a substantial lack of concern for whether an injury will result;

SECOND     Defendant Jones's actions were the one most immediate, efficient, and direct cause of the injury or damage.

To prove his intentional infliction of emotional distress claim, the plaintiff must prove the following elements:

FIRST       Extreme and outrageous conduct on the part of the defendant;

SECOND     with intent or recklessness;

THIRD       that caused;

FOURTH    severe emotional distress.

To prove his defense of governmental immunity, Defendant Jones must prove the following elements:

FIRST       His acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority;

3

SECOND His acts were undertaken in good faith, or were not undertaken with malice; and

THIRD His acts were discretionary, as opposed to ministerial;

To prove his defense Use of Force by Law Enforcement Officer, Defendant Jones must prove the following elements:

FIRST The plaintiff resisted the escort; this fact has been established, and I instruct you to find that it has been established;

SECOND Defendant Jones's acts were undertaken to defend himself, to enforce discipline, to secure offenders, or to prevent any escape.

To prove his defense of failure to mitigate damages, Defendant Jones must prove the following elements:

FIRST Plaintiff could have done something to lessen the harm suffered.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Clifton B. Schneider*
Assistant Attorney General
Attorney for Defendant
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
P70582

Date: September 17, 2013

Schneider/Peterson/2010-0011869-A/jsoc 9 17 13

4