UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TORAN V. PETERSON #318935,

      Plaintiff,

v.

TROY JONES,

      Defendant.

NO. 1:10-cv-00133

HON. ROBERT HOLMES BELL

MAG. JOSEPH G. SCOVILLE

| | |
|---|---|
| Toran V. Peterson #318935<br>*In Pro Per*<br>Ionia Correctional Facility<br>1576 West Bluewater Highway<br>Ionia, MI 48846 | Clifton Schneider (P70582)<br>Assistant Attorney General<br>Attorney for Defendant<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-7021 |

## **DEFENDANT'S TRIAL BRIEF**

The plaintiff alleges that on April 21, 2009, the defendant assaulted him during an out-of-cell escort.  Based on this incident, the plaintiff brings claims for excessive force, assault and battery, negligence, and intentional infliction of emotional distress.

In its December 18, 2012, Order, the Court ordered that the plaintiff sign a medical-records release and file a proof of service or face sanctions: "If he fails to do so, he will be prohibited from introducing any evidence regarding his medical condition as a sanction under FED. R. CIV. P. 37(b)(2)(A)(ii) for his failure to comply with the court's orders."  [D/E #92].  The plaintiff willingly failed to do so and must now face his sanction.

1

Since the plaintiff cannot introduce testimony about his condition at trial, he cannot support his claims in this case.  The defendant intends to move for judgment at trial on all claims on this basis.  In addition, at the final pretrial conference, the plaintiff agreed that he had no serious mental-health issues, so his claim for intentional infliction of emotional distress also fails as a matter of law.  In addition, pursuant to state law, the plaintiff cannot argue negligence and intentional conduct arising from the same incident.  *VanVorous v. Burmeister*, 687 N.W.2d 132, 142 (Mich. Ct. App. 2004).  The defendant will argue for dismissal of some claims on this basis.

If necessary to defend on the facts, the defendant will testify that the plaintiff attempted to turn twice on escort.  The defendant will explain why inmates take this action and what negative results occur if he does not respond.  The defendant attempted to place the plaintiff against the wall to regain control, but the plaintiff twisted away and resisted.  The defendant then placed the plaintiff on the floor.  Other officers immediately responded, and the defendant left to let the responding officers escort the plaintiff to his cell.  The defendant wrote a misconduct ticket on the plaintiff.

At the final pretrial conference, the Court ruled that the hearing report on the misconduct ticket is not admissible as an exhibit.  However, under *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), a published case decided after the Sixth Circuit decision in this case, the factual findings contained in the hearing report must be established as uncontested facts in this suit.  The defendant has included those facts as stipulated in the jury instructions and requests that the Court

instruct the jury that they are established facts.  Essentially, the pertinent finding was that the plaintiff offered resistance during the escort.  There may still be a question of fact as to whether the amount of responsive force used by the defendant was excessive, but the video of the incident will resolve that question in the defendant's favor.

Respectfully submitted,

Bill Schuette
Attorney General


*/s/ Clifton Schneider*
Assistant Attorney General
Attorney for Defendant
Corrections Division
P.O. Box 30217
(517) 335-7021
SchneiderC1@michigan.gov
P70582

Dated:  September 17, 2013

Schneider/Peterson/2010-0011869-A/trial_brief 9 17 13

3