UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TORAN V. PETERSON #318935,

            Plaintiff,                NO. 1:10-cv-00133

v.

                                     HON. ROBERT HOLMES BELL

TROY JONES,

            Defendant.        MAG. JOSEPH G. SCOVILLE

---

Toran V. Peterson #318935
*In Pro Per*
Ionia Correctional Facility
1576 West Bluewater Highway
Ionia, MI 48846

Clifton Schneider (P70582)
Assistant Attorney General
Attorney for Defendant
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

---

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

On September 3, 2013, defense counsel mailed a copy of proposed jury instructions and statement of the case to the plaintiff. The plaintiff responded by letter mailed September 12, 2013, stating that nearly everything in the instructions was "clearly erroneous." [Letter, attached as Exhibit A]. The plaintiff then threatened three times to file an attorney grievance against defense counsel. The plaintiff also filed objections to the proposed jury instructions with the Court. [D/E #129].

The defendant hereby submits his proposed jury instructions. Standard instructions from the Court's website are listed only by number in the table of contents and copies are not attached:

**TABLE OF CONTENTS**

| Jury Instruction | Title | Page |
|---|---|---|
| CV 2.01 | Introduction | |
| CV 2.02 | Jurors' Duties | |
| CV 2.03 | All Persons Equal Before the Law | 1 |
| CV 2.04 | Evidence Defined | 2-3 |
| CV 2.05 | Consideration of Evidence | |
| CV 2.06 | Direct and Circumstantial Evidence | |
| CV 2.07 | Credibility of Witnesses | |
| CV 2.08 | Number of Witnesses and Evidence Presented | |
| CV 2.08A | All Available Evidence Need Not Be Produced | |
| CV 2.08B | Single Witness | |
| CV 2.08C | Not Required to Accept Uncontradicted Testimony | |
| CV 2.14 | Lawyers' Objections | 4 |
| CV 3.01 | Introduction | 5 |
| CV 3.02 | Preponderance of the Evidence | 6 |
| CV 3.02A | Burden of Proof | 7 |
| 3.03(a) | § 166.01 – Nature of the Action | 8 |
| 3.03(b) | § 166.23 – Excessive Force | 9-10 |
| 3.03(c) | § 166.31 – Maliciously | 11 |
| 3.03(d) | § 166.32 – Deliberately | 12 |
| 3.03(e) | § 166.33 – Sadistically | 13 |
| 3.03(f) | Gross Negligence | 14 |
| 3.03(g) | Assault – Definition | 15 |
| 3.03(h) | Battery – Definition | 16 |
| 3.03(i) | Assault and Battery – Self Defense | 17 |
| 3.03(j) | Battery – Defense – Use of Force by Law Enforcement Officer in Lawful Arrest | 18 |
| 3.03(k) | Assault – burden of proof | 19 |
| 3.03(l) | Battery – burden of proof | 20 |
| 3.03(m) | Intentional Infliction of Emotional Distress | 21-22 |
| 3.03(n) | Government Immunity – Gross Negligence | 23 |
| 3.03(o) | Government Immunity – Intentional Torts | 24-25 |
| CV 3.03A | Proximate Cause | 26 |
| CV 3.03B | Proximate Cause and Proximately Contributed | |
| CV 3.04 | Consider Damages Only If Necessary | |
| CV 3.04A | Damages - Reasonable - Not Speculative | |
| CV 3.04E | Duty to Mitigate Damages | 27 |
| 3.05A | Compensatory Damages; § 166.60 – Actual Damages | 28 |
| 3.05B | § 166.61 – Nominal Damages | 29 |
| 3.05C | § 166.62 – Punitive Damages | 30 |
| 3.05D | § 167.54 – Avoidance of Double Recovery | 31 |
| CV 4.01 | Introduction | |
| CV 4.02A | Stipulations of Fact | 32 |

| | | |
|---|---|---|
| CV 4.07 | Impeachment - Prior Conviction | |
| CV 4.09 | Impeachment of a Witness by Prior Conviction | 33 |
| CV 9.01 | Introduction | |
| CV 9.02 | Experiments, Research and Investigation | |
| CV 9.04 | Duty to Deliberate | |
| CV 9.04A | Notes | |
| CV 9.05 | Verdict Form | 34 |
| CV 9.09 | Court Has No Opinion | |
| | Verdict Form | 35-37 |

**Jury Instruction No. CV 2.03**

**All Persons Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  ~~A corporation is entitled to the same fair trial at your hands as a private individual.~~

## Jury Instruction No. CV 2.04

## Evidence Defined

(1) You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; and the exhibits that I allowed into evidence; ~~the depositions which were read into evidence or which you watched on the television set,~~ the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3) Nothing else is evidence.  The defendants' lawyer's and the plaintiff's statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.  You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.  Do not speculate about what a witness might have said or what an exhibit might have shown.  Things that are not evidence are not to influence your decision in any way.

2

**Jury Instruction No. CV 2.04 (page 2)**

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Jury Instruction No. CV 2.14

## Lawyers' Objections

(1) The plaintiff or the lawyer for the defendants objected to some of the things that were said or done during the trial. Do not hold that against either side. The plaintiff and the lawyer for the defendants have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(2) And do not interpret my rulings on the objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## Jury Instruction No. CV 3.01

### Introduction

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the plaintiff's claims against the defendants ~~[and the defendant's counterclaim(s).]~~

(2) But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case ~~[and defendant's counterclaim(s)]~~. Your job is limited to deciding whether the plaintiff has proved the claims alleged in this case ~~[and whether defendant has proved the counterclaim(s)]~~.

## Jury Instruction No. CV 3.02

## Preponderance of the Evidence

(1) The burden is on plaintiff to prove every essential element of a claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

(2) To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3) This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

(4) In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## Jury Instruction No. CV 3.02A

## Burden of Proof

(1) In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

(2) If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## Jury Instruction No. 3.03(a)

## § 166.01 – Nature of the Action

The Eighth Amendment to the United States Constitution provides that no cruel and unusual punishment may be inflicted.  Plaintiff is an inmate in the Michigan Department of Corrections.  Plaintiff claims that Defendant Jones violated plaintiff's Eighth-Amendment rights and state-law rights when he applied force during an out-of-cell escort.

The defendant denies that he violated the plaintiff's rights.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.01

## Jury Instruction No. 3.03(b)

### § 166.23 – Excessive Force

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  Plaintiff claims that the defendant prison official, by using excessive and unnecessary force against plaintiff, violated plaintiff's Eighth-Amendment constitutional rights.  According to plaintiff, on April 21, 2009, Jones assaulted the plaintiff during an out-of-cell escort.

In order to prove a violation under the Eighth Amendment, plaintiff must show that the defendant unnecessarily and wantonly inflicted pain on plaintiff. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, plaintiff must prove all of the following elements by a preponderance of the evidence:

First:  That the defendant used force against plaintiff maliciously and sadistically, for the very purpose of causing plaintiff harm;

Second:  That plaintiff suffered some harm as a result of the use of force by the defendants; and

Third:  That the defendant was acting under color of state law.

**Jury Instruction No. 3.03(b) (page 2)**

If plaintiff fails to prove any of these elements, you must find for the defendant.

The first element is to be evaluated by a subjective analysis of the defendant prison official and his state of mind at the time.  In deciding whether this element has been proved, you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the prison official unnecessarily and wantonly inflicted pain on the plaintiff include:

1.      The extent of the injury suffered.

2.      The need for the application of force.

3.      The relationship between the need and the amount of force used.

4.      The threat reasonably perceived by the responsible officials, and

5.      Any efforts made to temper the severity of a forceful response.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.23

**Jury Instruction No. 3.03(c)**

**§ 166.31 – Maliciously**

"Maliciously" means intentionally injuring another without just cause or reason.  To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.31

**Jury Instruction No. 3.03(d)**

**§ 166.32 – Deliberately**

To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.32

**Jury Instruction No. 3.03(e)**

**§ 166.33 – Sadistically**

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.


O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.33

**Jury Instruction No. 3.03(f)**

**Gross Negligence**

Gross negligence means conduct or a failure to act that is so reckless that it demonstrates a substantial lack of concern for whether an injury will result.

Mich. Civ. JI 14.10; M.C.L. 691.1407(7)(a ); *Vermilya v. Dunham*, 489 N.W.2d 496 (Mich. 1992); *Tallman v. Markstrom*, 446 N.W.2d 618 (Mich. 1989).

**Jury Instruction No. 3.03(g)**

**Assault - Definition**

An assault is any intentional, unlawful threat or offer to do bodily injury to

another by force, under circumstances which create a well-founded fear of imminent

peril, coupled with the apparent present ability to carry out the act if not prevented.


Mich. Civ. JI 115.01.

**Jury Instruction No. 3.03(h)**

**Battery - Definition**

A battery is the willful or intentional touching of a person against that person's will by another.

Mich. Civ. JI 115.02.

**Jury Instruction No. 3.03(i)**

**Assault and Battery – Self Defense**

A person who is assaulted may use such reasonable force as may be, or reasonably appears at the time to be, necessary to protect himself from bodily harm in repelling the assault.

Mich. Civ. JI 115.05.

## Jury Instruction No. 3.03(j)

### Battery – Defense – Use of Force by Law Enforcement Officer in Lawful Arrest

If a person has knowledge, or by the exercise of reasonable care should have knowledge, that he or she is being lawfully arrested by a law enforcement officer, it is the duty of that person to refrain from resisting the arrest.

An arresting officer may use such force as is reasonably necessary to effect a lawful arrest. However, an officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested to the extent the force used was excessive.

"If a prisoner assaults or batters a corrections officer or any other person, damages or attempts to damage any part of a correctional facility, attempts to escape, or resists or disobeys a lawful command, the corrections officers of the correctional facility shall use all suitable means to defend themselves, to enforce discipline, to secure offenders, and to prevent any escape."


Mich. Civ. JI 115.09; M.C.L. § 800.41.

**Jury Instruction No. 3.03(k)**

**Assault – Burden of Proof**

The plaintiff has the burden of proving each of the following:

a.       that defendant made an intentional and unlawful threat or offer to do bodily injury to the plaintiff;

b.       that the threat or offer was made under circumstances that created in the plaintiff a well-founded fear of imminent peril;

c.       that the defendant had the apparent present ability to carry out the act if not prevented.

If you find that the plaintiff has proved all of the elements that I have explained to you, and the defendants have failed to prove the defense of use of force by a law enforcement officer in lawful arrest <u>and</u> the defense of government immunity, your verdict will be for the plaintiff.

If you find that plaintiff has failed to prove any one of the elements or if you find that the defendants have proved either the defense of use of force by law enforcement officers in lawful arrest <u>or</u> the defense of government immunity, your verdict will be for the defendants.

Mich. Civ. JI 115.20.

**Jury Instruction No. 3.03(l)**

**Battery – Burden of Proof**

The plaintiff has the burden of proving that the defendant willfully and intentionally touched the plaintiff against the plaintiff's will.

If you find that this has been proved, and the defendant has failed to prove the defense of use of force by law enforcement officers in lawful arrest <u>and</u> the defense of government immunity, your verdict will be for the plaintiff.

If you find that the plaintiff has failed to prove this, or if you find that the defendant has proved the defense of use of force by law enforcement officers in lawful arrest <u>or</u> the defense of government immunity, your verdict will be for the defendant.

Mich. Civ. JI 115.21.

**Jury Instruction No. 3.03(m)**

**Intentional Infliction of Emotional Distress**

Plaintiff has the burden of proving each of the following:

a.     Extreme and outrageous conduct on the part of the defendant

b.     with intent or recklessness

c.     that caused

d.     severe emotional distress

No cause of action will necessarily lie even where a defendant acts with tortious or even criminal intent.  Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

The test to determine whether a person's conduct was extreme and outrageous is whether recitation of the facts of the case to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Severe emotional distress exists only where the distress inflicted is so severe that no reasonable man could be expected to endure it.

If you find that plaintiff has proved each of the elements that I have explained to you, and the defendant has failed to prove the defense of government immunity, your verdict will be for the plaintiff.

If you find that the plaintiff has failed to prove any one of the elements or if you find that the defendant has proved the defense of government immunity, your verdict will be for the defendant.

*Walsh v. Taylor*, 689 N.W.2d 506, 517 (Mich. 2004); *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 909 (Mich. 1985); *VanVorous v. Burmeister*, 687 N.W.2d 132, 142 (Mich. Ct. App. 2004).

## Jury Instruction No. 3.03(n)

### Government Immunity – Gross Negligence

Government employees are immune from tort liability unless their conduct amounted to gross negligence that is <u>the</u> proximate cause of the injury or damage. Gross negligence "means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Gross negligence means "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." The proximate cause means "the one most immediate, efficient, and direct cause of the injury or damage."

M.C.L. § 691.1407; *Tarlea v. Crabtree*, 263 Mich. App. 80, 90; 687 N.W.2d 333, 339 (2004); *Robinson v. City of Detroit*, 613 N.W.2d 307, 319 (Mich. 2000).

## Jury Instruction No. 3.03(o)

## Government Immunity – Intentional Torts

Defendant Jones has asserted that he is entitled to immunity provided by law.  In order to find that Mr. Jones is entitled to immunity, Jones must prove by a preponderance of the evidence:

(a) his acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority;

(b) his acts were undertaken in good faith, or were not undertaken with malice; and

(c) his acts were discretionary, as opposed to ministerial.

You must first determine whether Jones's acts were undertaken during the course of employment and whether and he was acting, or reasonably believed that he was acting, within the scope of his authority.  If you determine his acts were undertaken during the course of employment and whether and he was acting, or reasonably believed that he was acting, within the scope of his authority, you must then determine whether Jones acted in good faith.

A lack of good faith is defined as "malicious intent, capricious action or corrupt conduct" or "willful and corrupt misconduct."  "Willful misconduct" is defined as "conduct or a failure to act that was intended to harm the plaintiff" and "wanton misconduct" is "conduct or a failure to act that shows such indifference to whether harm will result as to be equal to a willingness that harm will result."

If you find that Jones acted in good faith, you must then determine whether Jones's acts were discretionary or ministerial.

24

Ministerial acts "constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice."  "Discretion," on the other hand, requires personal deliberation, decision and judgment.

If you find that Jones's acts were undertaken during the course of employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, that his acts were taken in good faith, and that his acts were discretionary, Jones is entitled to immunity granted by law and your verdict will be for the Defendant.


*Odom v. Wayne Co.*, 482 Mich. 459, 760 N.W.2d 217 (2008).

**Jury Instruction No. CV 3.03A**

**Proximate Cause**

(1) An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

(2) Plaintiff has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence.  If you find that the plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Jones.

Defendant prison officials have the burden of proving each element of their affirmative defenses by a preponderance of the evidence.


O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.50

## Jury Instruction No. CV 3.04E

## Duty to Mitigate Damages

(1) Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

(2) So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of plaintiff's damages by the amount the plaintiff could have reasonably realized or will reasonably realize if the plaintiff takes advantage of such opportunities.

(2) If you find that Plaintiff was injured as a result of conduct by the defendant in violation of the Eighth Amendment, you must determine whether Plaintiff could have done something to lessen the harm suffered.  The defendant has the burden to prove by a preponderance of the evidence that Plaintiff could have lessened or reduced the harm done to Plaintiff and that Plaintiff failed to do so.

(3) If the defendants establish by a preponderance of the evidence that Plaintiff could have reduced the harm done to Plaintiff but failed to do so, Plaintiff is entitled only to damages sufficient to compensate for the injury that Plaintiff would have suffered had plaintiff taken appropriate action to reduce.


O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.63

**Jury Instruction No. 3.05A**

**Compensatory Damages; § 166.60 – Actual Damages**

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of the use of force applied by Jones on April 21, 2009.  You should consider the following elements of damages:

1.       the nature and extent of the injury, whether the injury is temporary or permanent;

Throughout your deliberations you must not engage in any speculation, guess, or conjecture, and you must not award any damages under this instruction by way of punishment or through sympathy.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.60

**Jury Instruction No. 3.05B**

**§ 166.61 – Nominal Damages**

If you find in favor of the plaintiff, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of one dollar (on account of actual damages).

Authority:

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.61

3 Federal Jury Practice & Instructions, §85.18 (DeVitt, Blackmar and Wolff, Federal Jury Practice and Instructions, 4th Ed).

*Memphis Community School District v. Stachura*, 477 U.S. 299, 308, 106 S. Ct. 2537 (1986) (Damages may not be based on the abstract value or importance of a constitutional right.  Rather, the basic purpose is to compensate for injuries caused by the deprivation of constitutional rights, and if there are no injuries, then clearly only nominal damages are appropriate, assuming liability is found first).

*Carey v. Piphus*, 435 U.S. 247, 264, 98 S. Ct. 1042 (1978).

**Jury Instruction No. 3.05C**

**§ 166.62 – Punitive Damages**

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against the defendant and if you find that the conduct that defendant was recklessly and callously indifferent to plaintiff's Eighth Amendment rights, then, in addition to any other damages to which you find the plaintiff is entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against the defendant prison official or you may refuse to impose punitive damages.


O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §166.62.

**Jury Instruction No. 3.05D**

**§ 167.54 – Avoidance of Double Recovery**

If you find that Defendant Jones violated more than one of the plaintiff's rights, plaintiff is entitled to be compensated only for the injuries plaintiff actually suffered.

Thus, if Defendant Jones violated more than one of plaintiff's rights, but the resulting injury was no greater than it would have been had defendant prison officials violated one of those rights, you should award an amount of compensatory damages no greater than you would award if Defendant Jones had violated only one of the plaintiff's rights.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §167.54.

**Jury Instruction No. CV 4.02A**

**Stipulations of Fact**

(1) The parties have agreed to certain facts that have been given to you. You should therefore treat these facts as having been proved:

    A.  During the April 21, 2009, escort, the plaintiff tried to turn away twice;

    B.  During the April 21, 2009, escort, the plaintiff did physically interfere with and resist the efforts of Jones during the escort back to his segregation cell by turning away from Jones, by attempting to walk in the opposite direction, and by twisting in an attempt to break Jones's hold on him;

**Jury Instruction No. CV 4.09**

**Impeachment of a Witness by Prior Conviction**

(1) You have heard the testimony of Plaintiff.  You have also heard that before this trial, this witness was convicted of crimes.

(2) These earlier convictions were brought to your attention only as one way of helping you decide how believable this witnesses' testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## Jury Instruction No. CV 9.05

## Verdict Form

(1) I have prepared a verdict form for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be the unanimous decision of all of you.  When all of you agree upon a verdict, it will be received as your verdict.

EXPLAIN FORM

(2) ~~When you answer one or all of these questions, regarding one of the plaintiffs, you should then answer the questions for the other plaintiff.~~  Your foreperson should sign and date the verdict form.

(3) After the verdict form is completed, your foreperson should give a written note to the bailiff.  That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom.  The parties will then be informed of your verdict.

## VERDICT FORM

### I.  EIGHTH AMENDMENT – EXCESSIVE FORCE

**Question No. 1:**  Did Defendant Jones use excessive force under the Eighth Amendment?

**Answer:**     YES: _____   NO: _____

If you answered "no," proceed to Section II, question no. 4.  If you answered "yes," answer questions nos. 2 and 3.

**Question No. 2:**  Keeping in mind that the plaintiff can only recover for an injury once, despite numerous claims based on the same facts, what amount of money will fairly compensate the plaintiff for his damages?

      Compensatory:     $_____

      Nominal:     $_____

**Question No. 3:**  Did Defendant Jones act with reckless and callous indifference to plaintiff's Eighth Amendment rights?  If so, do you award the plaintiff punitive damages against the defendant?

**Answer:**     YES: _____   NO: _____

      Punitive:     $_____

### II.  GROSS NEGLIGENCE

**Question No. 4:**  Was Defendant Jones grossly negligent, and did he fail to prove his defense of governmental immunity as to gross negligence?

**Answer:**     YES: _____   NO: _____

If you answered "no," proceed to Section III, question no. 6.  If you answered "yes," answer question no. 5.

**Question No. 5:**  Keeping in mind that the plaintiff can only recover for an injury once, despite numerous claims based on the same facts, what amount of money will fairly compensate the plaintiff for his damages?

> Compensatory:     $_____
>
> Nominal:             $_____

### III.  ASSAULT AND BATTERY

**Question No. 6:**  Did Defendant Jones assault and batter the plaintiff, and did he fail to prove his defenses of governmental immunity and Use of Force by Law Enforcement Officer as to assault and battery?

**Answer:**     YES:  _____     NO:  _____

If you answered "no," proceed to Section IV, question no. 8.  If you answered "yes," answer question no. 7.

**Question No. 7:**  Keeping in mind that the plaintiff can only recover for an injury once, despite numerous claims based on the same facts, what amount of money will fairly compensate the plaintiff for his damages?

> Compensatory:     $_____
>
> Nominal:             $_____

### IV.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Question No. 8:**  Did Defendant Jones intentionally inflict severe emotional distress on the plaintiff, and did he fail to prove his defense of governmental immunity as to intentional infliction of emotional distress?

**Answer:**     YES:  _____     NO:  _____

If you answered "yes," answer question no. 9.  In you answered "no," you are done.

Have your foreperson sign and date the verdict form, and alert the bailiff that you

have reached a verdict.

**Question No. 9:**  Keeping in mind that the plaintiff can only recover for an injury

once, despite numerous claims based on the same facts, what amount of money will

fairly compensate the plaintiff for his damages?

> Compensatory:     $_____
>
> Nominal:     $_____

You have now reached a verdict, and you may inform the bailiff.

Signed,

_____     Date: _____
Jury Foreperson

Respectfully submitted,

Bill Schuette
Attorney General


_/s/ Clifton B. Schneider_
Assistant Attorney General
Attorney for Defendant
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
Date: September 17, 2013            P70582


Schneider/Peterson/2010-0011869-A/jury_instructions 9 17 13